■　In the Matter of the Claim of SHEPARD BRUNSWICK, Respondent, against RUDOLPH SPANGENTHAL et al., Appellants and LUMBERMENS MUTUAL CASUALTY COMPANY, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its carrier, Bakers Mutual Insurance Company, from a decision and award of the Workmen's Compensation Board. On December 15, 1949, while the respondent carrier Lumbermens Mutual Casualty Company was on the risk, the claimant sustained an injury to his back. He received compensation for five weeks intermittent lost time up to May 1, 1951 and on May 4, 1953 the case was closed with a finding of a permanent partial disability. The case was restored to the Referee's Calendar

after the claimant stopped work on February 28, 1956. At that time the respondent carrier raised the issue of a new accident having occurred on February 28, 1956 when the appellant carrier was on the risk. The alleged new accident was the lifting of a 150-pound tub of prunes by the claimant with the help of a co-worker at which time he experienced a pain in his back. The claimant described this incident but stated that it was nothing unusual and that he had been experiencing pain in his back upon such lifting ever since his 1949 accident. He said that on the morning of the day in question he awoke with a bad pain in his back. His explanation for not returning to work after February 28, 1956 was that the pain had just gotten progressively worse, to the point where he had to leave work. He testified that he had missed work quite frequently because of his back during the period between the 1949 accident and February 28, 1956. His employer verified this and a coemployee testified as to his constant complaints of pain in his back during that period. After the 1949 accident the claimant wore a back support which he was still wearing in 1956. He received no medical treatment from the time his case was closed in May, 1953 until after February 28, 1956. The claimant stated his back was worse than it was for about six or seven months after February, 1956. The Referee found that a new accident was sustained on February 28, 1956 and made an award from February 29 to May 9, 1956 payable by the appellant carrier, from May 9 to November 8, 1956 payable equally by both carriers and made the award after November 8, 1956 payable by only the respondent carrier. On review the board affirmed but held that both carriers were equally responsible for the award. We can find no medical evidence attributing any of claimant's disability to the alleged accident of February 28, 1956. The description of this event and the medical evidence, considering the record as a whole, do not constitute substantial evidence in support of its contribution to claimant's disability. Decision and award reversed and claim remitted to the Workmen's Compensation Board for further proceedings not inconsistent herewith, with costs to the appellants against the respondent-carrier. Bergan, J. P., Coon, Gibson, Herlihy and Reynolds, JJ., concur.